# THE PREROGATIVE COURT

### OF

## THE STATE OF NEW JERSEY.

### FEBRUARY TERM, 1884.

---

### THEODORE RUNYON, ESQ., ORDINARY.

---

In the matter of the assessment of damages upon the bond of
BENJAMIN F. DEAN, guardian of Albert Dean, an infant.

Judgment was obtained against a guardian and his sureties for breaches of
all the four conditions in his bond. On a reference to have the damages as-
sessed against the sureties—*Held*, that the sureties could not object because the
master assessed damages under one of the conditions as to which they claimed
they were exonerated by the action of the new guardian, because, if that were
a defence in should have been raised in the action at law ; and that they could
not claim allowance for taxes on the ward's land paid by the guardian, because
such taxes, if paid by the guardian, ought to have been charged by him in his
account, and further that the ward could not object, on account of the guar-
dian's misconduct, to the master's allowance of commissions to the guardian,
which had been fixed by the orphans court, because the action of the orphans
court could not be questioned in that collateral way.

---

On petition, master's report and exceptions thereto.

*Mr. C. H. Sinnickson,* for the sureties.

*Mr. M. P. Grey,* for the ward.

THE ORDINARY.

On due application an order was made directing that suit be brought on the bond given by Benjamin F. Dean on the granting to him of letters of guardianship of his son Albert, a minor. Dean was appointed guardian in 1860. In April, 1877, he made an assignment of his property for the equal benefit of his creditors. After that he was, on the application of his sureties, ordered by the orphans court of Salem county to account as guardian and give new sureties. He accounted, accordingly, at the May term, 1877, of that court, and his account was allowed and passed. The balance against him thereon was $3,525.04. Subsequently, in the same term, the court removed him and appointed George W. Richman guardian in his place. The latter, soon after his appointment, presented a claim for that balance to Dean's assignee, and he received a dividend thereon amounting to $1,869.61. After the ward came of age an order was made in this court that suit be brought on Dean's bond, and suit was brought in the supreme court, accordingly, against him and his sureties. The bond was not in the form prescribed by the statute, but was conditioned (1) that the guardian should file an inventory of the ward's estate in three months; (2) that he should file an inventory of any property that should come to his hands thereafter; (3) that he should take care of the person, estate and education of the minor, and of all writings and evidence touching his lands, and (4) that he should render the estate and writings and evidence to him when by law required, or to such person or persons as by law were or might be entitled to receive them. In the suit on the bond the plaintiff assigned a breach of each of those conditions. The guardian did not plead. The sureties filed several pleas, but there was a demurrer to some of them, which was allowed, and the suit resulted in a judgment against the defendants on all the breaches assigned. A petition was subsequently filed in this court praying an assessment of the damages. A reference

was thereupon made to one of the special masters of the court of chancery, who reported merely nominal damages on the breach of the first, second and fourth conditions, and on that of the third (to take care of the estate &c. of the ward) damages to the amount of $1,909.73, being the amount of the estate of the ward, with interest to the date of the report, after deducting therefrom the amount received by the second guardian as dividend from the assignee of Dean, and after deducting also the amount of the commissions allowed to Dean by the orphans court, with interest thereon. Both parties excepted to the report. The late ward (now of age) objects to it because of the allowance of the commissions, and insists that no commissions ought to be allowed the guardian, because, by his misconduct (he wasted the entire estate by applying it to his own use), he has forfeited all claim to them. The sureties object because the master has assessed damages under the third condition. They insist that they were discharged from all liability as sureties by the presenting by the second guardian of the claim of the estate of the ward against Dean to his assignee, and the acceptance of the dividend. They also claim that if there should be any assessment of damages under that condition, the money paid by Dean from year to year, during his guardianship, for taxes on the estate of the ward, should be allowed.

As before stated, there is a judgment against Dean and the sureties on all the breaches. Obviously, the defence that the latter were discharged from liability by the action of the new guardian cannot be entertained here. The opportunity for setting up that or any other defence against liability on the bond is past, and the sureties are concluded by the judgment. The suit at law afforded the opportunity for defences against liability, and if the sureties failed to set them up there, or, having set them up, failed in sustaining them, they cannot be considered in this court. It is not material whether the damages be assessed upon the breach of the third condition—to take care of the estate; or the fourth —to pay it over. The judgment at law is upon the breach of all the conditions. The master has very properly taken the account as the basis of the calculation for the assessment. But he has not made the calculation on the correct principle. He has com-

puted the interest on the items of the debit side of the account, down to the date of the report, and added it to the principal debited on that side, and from the sum has subtracted the sum of the items of the credit side, with interest thereon to the same date, and the amount received from the assignee, with interest from the time when it was received to the date of the report. The remainder is $1,909.73. He should have computed it thus: To the amount of the balance of the account, $3,525.04, he should have added interest ($346.13) from the date of the allowance of the account, June 8th, 1877, to the date of the receipt of the dividend, November 23d, 1878, and should then have subtracted the amount of the dividend, $1,869.61, and to the remainder, $2,001.56, should have added interest ($543.24) to the date of the report. Computed on this principle the damages at that date were $2,544.80.

It is quite clear that it is not proper to open the account nor to increase the balance by deducting the commissions which the court allowed the guardian on passing it. Whether the guardian was entitled to commissions or not was a question to be decided by the orphans court on the allowance of the account, and this court cannot review their decision in a collateral way. The objection that the master has not credited payments for taxes said to have been paid upon the estate by Dean while he was guardian, cannot be sustained. There is no evidence that any taxes were ever paid, and if there had been they should have been charged in Dean's account. The damages will be assessed at $2,544.80, as of the date of the master's report, and interest on $2,001.56 (the remainder, after deducting the dividend), from that date until paid, will be added.